CHARLES C. TERHUNE, OVERSEER OF THE POOR OF THE BOROUGH OF PARK RIDGE, DEFENDANT IN CERTIORARI, v. GEORGE C. REED, PLAINTIFF IN CERTIORARI.

Argued February 20, 1907—Decided July 8, 1907.

1. In a proceeding to charge defendant as a disorderly person because of his neglect to support and care for his family so as to prevent them from becoming a public charge, an order of the Court of Quarter Sessions, on appeal from a justice after trial *de novo,*

failing to formally adjudge defendant to be a disorderly person
and to specify the amount defendant should be required to pay
for the support of his family, as required by *Pamph. L.* 1898, *p.*
948, § 21, was fatally defective.

2. Since on appeal to the Court of Quarter Sessions in a proceeding
to charge defendant as a disorderly person, for failure to support
his family, the proceeding was tried *de novo*, it was not necessary
on reversal of the order by the Supreme Court on *certiorari* that
the order of the justice from which the appeal was taken to
the Quarter Sessions should be vacated, the case being still pend-
ing in the Quarter Sessions for further proceedings.

3. Where a proceeding to charge defendant as a disorderly person
for failure to support his family was appealed to the Quarter
Sessions, where it was retried, and an improper judgment ren-
dered, it was not necessary that a retrial be had on vacation of
the judgment by the Supreme Court on *certiorari*, but the case
would be remanded for entry of a proper judgment.

On *certiorari*.

Before Justices Fort, Hendrickson and Pitney.

For the plaintiff in *certiorari, Peter W. Stagg.*

For the defendant in *certiorari, Charles J. Roe.*

The opinion of the court was delivered by

Fort, J.  This writ brings up an order of the Court of
Quarter Sessions of the county of Bergen made on a convic-
tion on a verdict of a jury in that court of the prosecutor of
being a disorderly person, in that he neglected and refused
to support and care for his family, and that, by reason thereof,
his family had become chargeable upon the borough of Park
Ridge.

The objections go to the validity of the order of the Court
of Quarter Sessions made on the verdict of the jury.  The
objections are stated as follows:

*First.* Because the order does not adjudge the plaintiff in
error to be a disorderly person.

*Second.* Because the order does not direct the plaintiff in
error to pay any specific amount to the defendant in error for
the support of his wife.

Both of these objections are well taken.

The order is clearly defective. It should adjudge formally on the verdict of the jury, in accordance with the statute. *Pamph. L.* 1898, *p.* 948, § 21; *O'Shaughnessy* v. *McLorinan,* 14 *Vroom* 410.

This of necessity requires the vacation of the order of the Quarter Sessions.

There was a contention in this case also that the order of the justice, upon the conviction appealed from to the Quarter Sessions, was defective and should be vacated. But we do not think that this order should be considered on this application. Upon an appeal to the Quarter Sessions, in cases of this nature, under the Disorderly act, the trial is *de novo,* and as if the proceeding had been originally commenced in that court. *McLorinan* v. *Ryno,* 20 *Vroom* 603. And, while some suggestion is made in the case of *O'Shaughnessy* v. *McLorinan, supra,* that the order of the justice might be set aside as well as the order of the Quarter Sessions, we do not think that the practice requires this course to be pursued. We think that the appeal is still pending in the Quarter Sessions after the order of that court has been vacated here, and that the record should be remitted to that court for such proceedings thereon as are necessary.

The affidavit here was sufficient to give jurisdiction to the justice and to the Quarter Sessions on appeal. *Gedney* v. *Dey,* 15 *Vroom* 576; *Heller* v. *Brown,* 28 *Id.* 634.

There was no error in the proceedings brought up in this case up to and including the verdict. The only error is in the judgment entered upon it. This error does not necessitate a new trial. It simply necessitates a vacation of the judgment, with a direction to remit the record to the Quarter Sessions that it may make such order upon the verdict of the jury as is lawful and required under the statute. This is the practice settled in the case of *Stokes* v. *Hardy,* 45 *Vroom* 851.

A judgment may be entered accordingly.